IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL JONES | |
| *Plaintiff*, | Criminal No. ELH-14-00259 |
| v. | Related Civil No.:  ELH-15-2348 |
| UNITED STATES OF AMERICA | |
| *Defendant*. | |

**MEMORANDUM**

On May 29, 2014, the United States Attorney for the District of Maryland filed an Information against Daniel Jones, charging him with possession of a firearm by a previously convicted person, in violation of 18 U.S.C. § 922(g)(1).  *See* ECF 21.  In addition, the Information sought forfeiture of one Taurus, model PT AF 9mm pistol, serial number TJH53172, loaded with thirteen rounds of ammunition.  ECF 21.  At an arraignment held on June 4, 2014, Mr. Jones pled guilty to the one-count Information.  ECF 24.[1]

The defendant's plea of guilty was entered pursuant to a plea agreement.  ECF 26; ECF 27; *see also* ECF 39-1.  The plea agreement provided that the plea of guilty was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), by which the parties stipulated to a sentence of 72 months' imprisonment as the appropriate disposition of the case.  *See* ECF 26 at 5, ¶ 11.  And, in ¶ 12 of the Plea Agreement, the defendant agreed to forfeit the weapon and ammunition.

The maximum sentence provided by statute for the offense to which the defendant pled guilty is 10 years' imprisonment; a $250,000 fine; and a period of supervised release of 3 years. But, if Jones were determined to have three prior convictions, either for a violent felony or a serious drug offense, or both, committed on different occasions, he would have faced a statutory,

---

[1] At the arraignment, Mr. Jones executed a waiver of indictment.  *See* ECF 25.

mandatory minimum term of 15 years imprisonment up to a maximum term of life imprisonment. *See* ECF 26 at 2, ¶ 3.

Sentencing was held on August 8, 2014. In accordance with the terms of the "C plea," the defendant was sentenced to a total term of imprisonment of 72 months' imprisonment. *See* ECF 32 (judgment entered August 11, 2014). Under the terms of the plea agreement, the sentence of 72 months dated from November 25, 2013. ECF 26 ¶ 11; ECF 32 at 2. In addition, a Consent Order of Forfeiture was entered on August 8, 2014. *See* ECF 31.[2] Mr. Jones did not note an appeal to the Fourth Circuit.

On August 10, 2015, Jones filed a Motion to Vacate Under 28 U.S.C. § 2255. ECF 37 ("Petition"). The government filed its Opposition on October 12, 2015 (ECF 39), along with a copy of the plea agreement. ECF 39-1. Mr. Jones did not reply. The Petition has been fully briefed.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). In my view, no hearing is necessary to resolve petitioner's claims.

In reviewing the Petition, I am mindful that a self-represented litigant, such as Jones, is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims

---

[2] A transcript of the sentencing proceeding is found at ECF 34. However, no transcript has been produced with respect to the guilty plea proceeding.

of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

### Discussion

In Mr. Jones's 2255 Petition, he complains as to the calculation of his sentencing guidelines.  In particular, he asserts that his base offense level was improperly increased by four levels under U.S.S.G. § 2K2.1(b), pertaining to possession of the firearm in connection with the commission of another felony.  He asserts that the Court failed to make a required factual finding to substantiate the enhancement.

Among other things, Mr. Jones points out that "nowhere in the record does it state any other felony in which petitioner was charged with in connection with this firearm."  ECF 37 at 2.  Therefore, he asserts:  "The evidence in this case neither warrants nor supports the findings to support a four level increase."  *Id.*  As a result, he claims the Court improperly applied § 2K2.1, without the requisite finding of its applicability.  *Id.* at 3.

As noted, Jones pleaded guilty pursuant to a plea agreement.  Paragraph 6 of the plea agreement (ECF 26 at 4) is titled "Factual and Advisory Guidelines Stipulation."  It provided for a base offense level of 24, because the defendant had previously been convicted of two distinct felony offenses for crimes of violence or felony drug offenses, under § 2K2.1(a) of the guidelines.  And, it further stated in the plea agreement:  "The offense level is increased pursuant to U.S.S.G. § 2K2.1(b) as follows:  By 4 levels because the firearm was possessed in connection with another felony offense; and by 2 levels because the firearm was stolen."

At the guilty plea proceeding, the defendant was sworn and the court reviewed the plea agreement with him, in its entirety.[3]  On page 8 of the plea agreement, the defendant signed the plea agreement below the following statement:  "I have read this agreement . . . and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the factual and advisory guidelines stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney."  In other words, Jones agreed to the four-level enhancement.

In addition, Attachment A, the statement of facts, was appended to the plea agreement.  *See* ECF 26 at 10.  It sets forth the facts the government would have proved beyond a reasonable doubt if the case had gone to trial.  Among other things, it states that defendant's residence was searched, pursuant to a search warrant and, among the items recovered, were cocaine base and $10,751 in U.S. currency.  Four cell phones and $760 were recovered during a search of defendant's person.  Jones admitted that he possessed all of the items.

On page 11 of the plea agreement, Jones signed his name under the following statement: "I have read this Statement of Facts and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  I do not wish to change any part of it."

---

[3] As noted, I have not been provided with a transcript for the guilty plea.  But, I am certain that the defendant was sworn and that I thoroughly reviewed the plea agreement with him.

In *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005), the Court said that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."

4

The facts provided a sufficient basis to establish that Jones possessed the firearm in connection with the crime of drug distribution. And, because distribution of narcotics is punishable by up to 20 years under Maryland law, and up to 20 years under federal law, the offense qualifies as "another felony offense," as defined in § 2K2.1(b)(6), Application Note 14(C). *See* 21 U.S.C. § 841(b)(1)(C); Maryland Code, Crim. Pro. § 5-602.

At sentencing, the Court calculated the defendant's total offense level at 27, with a criminal history category of III, resulting in an advisory sentencing guideline range of imprisonment ranging between 87 and 108 months. ECF 34 at 5-7. The agreed upon sentence of 72 months, which was accepted by the Court, was 15 months below the bottom of the advisory guideline range.

Under U.S.S.G. § 2K2.1(b)(6)(B), a defendant convicted of a firearms offense is subject to a four level increase in his offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]" Application Note 14(A) to that guideline provides that the adjustment applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense. . . ." And, under § 2K2.1, Comment n.14(C), "Another felony offense" is defined for purposes of (b)(6)(B) as "any federal, state or local offense, other than the explosive or firearms possession or trafficking offense, punishable by a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."

Mr. Jones labors under the misapprehension that the government had to actually charge him with another felony offense in order for the enhancement to apply. He is wrong. The guideline application note for "[a]nother felony offense" specifically states that it includes

qualifying offenses, "regardless of whether a criminal charge was brought, or a conviction obtained."

Moreover, Jones' reliance on *Alleyne v. United States*, ____ U.S. ____, 133 S. Ct. 2151 (2013), is misplaced. Jones was not subject to the imposition of a statutory, mandatory minimum sentence based on a determination of particular facts. The offense, 18 U.S.C. § 922(g)(1), had no mandatory minimum under the facts of the case as it applied to Jones. Indeed, Jones was sentenced to a term well below the statutory maximum of 10 years' imprisonment.

Alternatively, I agree with the government that Jones defaulted on his claim by failing to raise it on direct appeal. *See* ECF 39 at 1-2; *see also United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012); *see Massaro v. United States*, 538 U.S. 500, 504 92003) (stating that the procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments," but does not apply to claims of ineffective assistance of counsel).

Moreover, Section 2255(a) of Title 28 of the United States Code, the statute under which Jones seeks relief, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. The Fourth Circuit has recognized that "ordinary misapplication of the guidelines ... does not amount to a miscarriage of justice," such as to provide grounds to attack a sentence under section 2255. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *cf. United States v. Foote*, 784 F.3d 931, 932–33 (4th Cir. 2015).

For all these reasons, I shall deny the Petition.  A Certificate of Appealability shall not issue.  An Order follows.


Date:  December 8, 2015                                          /s/                                    
                                                              Ellen L. Hollander
                                                              United States District Judge